United States District Court
Southern District of Texas
**ENTERED**
December 14, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GUSTAVO MARTINEZ, *et al.*, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-21-3653 |
| | § | |
| BENIGNO VALDEZ, *et al.*, | § | |
| | § | |
| *Defendant*. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is the defendants' motion for a more definite statement. Dkt. 3. Having considered the motion, response, and the applicable law, the court is of the opinion that the motion should be DENIED.

### I. BACKGROUND

This case arises out of a motor vehicle collision in Harris County, Texas. Dkt. 1, Ex. B ¶¶ 3, 8. Plaintiffs Gustavo Martinez and Yolanda Cielo Flores claim they were traveling southbound on Interstate 45 when defendant Benigno Valdez ("Valdez") struck them from behind, causing injuries. *Id.* ¶ 8. The plaintiffs also allege Valdez was an employee of Karina Gonzalez d/b/a Kings Perishables ("Kings Perishables") and operating the vehicle during the course and scope of his employment at the time of the collision. *Id.* ¶ 11.

The plaintiffs sued Valdez and Kings Perishables in the District Court of Harris County, Texas, on August 30, 2021. *Id.* The defendants removed the lawsuit to this court on November 5, 2021. Dkt. 1. The defendants filed both the instant motion for a more definite statement and their answer on November 12, 2021. Dkts. 3, 4. The plaintiffs filed their response on December 3, 2021. Dkt. 9.

## II. Legal Standard

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955 (2007). Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). When evaluating a motion for a more definite statement, the court "must determine whether the complaint is such that a party cannot reasonably be required to frame a responsive pleading." *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959). A Rule 12(e) motion is "generally disfavored," and "the movant's ability to prepare a responsive pleading is to be measured in terms of the minimal duty imposed on him by the federal pleading rules and the possibility that he might be prejudiced by attempting to answer the pleading in its existing vague or ambiguous form." 5C Wright and Miller, *Federal Practice and Procedure* § 1377 (3d ed. 2004).

## III. Analysis

The defendants move for a more definite statement for three sections of the complaint (Dkt. 1, Ex. B): the claim of negligence *per se* against Valdez; the claim of negligence against Kings Perishables; and the demand for exemplary damages. Dkt. 3 ¶¶ 4–10. The court does not find these sections to be vague or ambiguous.

The plaintiffs bring a claim of negligence *per se* against Valdez for violation of Tex. Transp. Code § 544.060. Dkt. 1, Ex. B ¶¶ 10–13. The defendants argue that this statute cannot support a claim for negligence *per se* under Texas law. Dkt. 3 ¶ 5. Without addressing the argument's merits, the court finds that the defendants' motion demonstrates they can respond without prejudice to the complaint as written. Therefore, a motion for a more definite statement

on this claim is improper. *See Mitchell*, 269 F.2d at 130; *see also* Wright and Miller, *supra*, § 1377.

The plaintiffs bring a claim for negligence against Kings Perishables under various legal theories. Dkt. 1, Ex. B ¶¶ 14–16. The defendants argue that a more definite statement is required because the complaint does not allege sufficient facts. Dkt. 3 ¶ 8. The court disagrees. Rule 8(a)(2) requires only "a short and plain statement." *Twombly*, 550 U.S. at 545. The court is not permitted to impose a heightened pleading standard. *See id.* at 570. The plaintiffs have alleged specific facts surrounding the accident. Dkt. 1, Ex. B ¶ 8. Further, they have alleged Valdez was an employee of Kings Perishables acting within the course and scope of his employment. *Id.* ¶ 14–15. The court finds that the alleged facts are sufficient to allow the defendants to answer the complaint without prejudice, eliminating any need for a more definite statement. *See Mitchell*, 269 F.2d at 130; *see also* Wright and Miller, *supra*, § 1377.

The plaintiffs demand an award of both damages and exemplary damages. Dkt. 1, Ex. B ¶¶ 17–18. The defendants argue that the complaint does not set forth grounds for an award of exemplary damages. Dkt. 3 ¶ 9. The paragraph requesting exemplary damages is not a claim under Rule 8(a)(2) but rather "a demand for the relief sought" under Rule 8(a)(3). *See* Fed. R. Civ. P 8(a)(2)–(3). Rule 8(a)(2) requires plausible allegations of facts in support, but not Rule 8(a)(3). *See Twombly*, 550 U.S. at 557. Further, "a complaint need not specify legal theories." *Morgan v. Chapman*, 969 F.3d 238, 248 (5th Cir. 2020). Therefore, the plaintiffs are not required to plead anything further in their demand for relief. The defendants can reasonably be required to frame an answer to this section based on the complaint, and there is no need for a more definite statement. *See Mitchell*, 269 F.2d at 130.

Finally, the defendants have already filed an answer. Dkt. 4. The purpose of a Rule 12(e) motion is to allow the movant to file a response without suffering prejudice from the non-moving party's vague or ambiguous pleading. Wright and Miller, *supra*, § 1377. The defendants' answer demonstrates that they could respond to the complaint without suffering prejudice. *See* Dkt. 4. Therefore, the defendants' motion for a more definite statement is DENIED.

## IV. CONCLUSION

For the reasons stated above, the defendants' motion for a more definite statement (Dkt. 3) is DENIED.

Signed at Houston, Texas on December 14, 2021.

_____
Gray H. Miller
Senior United States District Judge