United States District Court
Southern District of Texas
**ENTERED**
February 10, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GUSTAVO MARTINEZ and YOLANDA CIELO FLORES, <br><br> Plaintiffs, <br><br> v. <br><br> BENIGNO VALDEZ and KARINA GONZALEZ, Individually and d/b/a KINGS PERISHABLES, <br><br> Defendants. | § § § § § § § § § § § § § CIVIL ACTION NO. H-21-3653 |

## MEMORANDUM OPINION AND ORDER

Gustavo Martinez and Yolanda Cielo Flores ("Plaintiffs") brought this action against Benigno Valdez and Karina Gonzalez, individually and d/b/a Kings Perishables ("Defendants").[1] It arises out of a traffic collision between Plaintiffs and Valdez, who was driving for Kings Perishables.[2] Plaintiffs allege various negligence claims.[3] Pending before the court are Plaintiffs' Motion to Strike and/or Exclude Defendants' Expert Witness Adelino Yung, P.E. ("Plaintiffs' Motion to Strike Mr. Yung") (Docket Entry

---

[1]Plaintiffs' Original Petition ("Complaint"), Exhibit B to Defendants Benigo Valdez and Karina Gonzalez Individually and d/b/a Kings Perishables' Notice of Removal ("Notice of Removal"), Docket Entry No. 1-3, pp. 2, 4-6. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2]Plaintiffs' Supplemental Petition ("Amended Complaint"), Exhibit C to Notice of Removal, Docket Entry No. 1-4, p. 4 ¶¶ 8-9.

[3]Id. at 4 ¶ 9, 5 ¶ 14.

No. 25), Defendants' Motion to Strike and/or Exclude Plaintiffs' Expert Witness John Cunag ("Defendants' Motion to Strike Mr. Cunag") (Docket Entry No. 28), and Defendants' Motion for Summary Judgment on Plaintiffs' Direct Negligence Claims Against Karina Gonzalez Individually and d/b/a Kings Perishables and Plaintiffs' Gross Negligence Claims As to All Defendants ("Defendants' Motion for Partial Summary Judgment") (Docket Entry No. 36). For reasons stated below, Plaintiffs' Motion to Strike Mr. Yung will be denied, Defendants' Motion to Strike Mr. Cunag will be granted, and Defendants' Motion for Partial Summary will be granted.

## I. **Background**

Valdez applied to work at Kings Perishables in February of 2020.[4] Valdez provided his Commercial Driver License.[5] He stated that he had six years of commercial truck driving experience.[6] Kings Perishables checked Valdez's driving record, which contained one commercial motor vehicle accident and one commercial moving violation.[7] His Commercial Driver's License was suspended once

---

[4]Driver Application, Exhibit 2 to Defendants' Motion for Partial Summary Judgment, Docket Entry No. 36-2, p. 3.

[5]Id. at 2.

[6]Id. at 4.

[7]Benigno Valdez California Driver Record, Exhibit 3 to Defendants' Motion for Partial Summary Judgment, Docket Entry No. 36-3, p. 2. Valdez also appears to have been in one noncommercial accident and have received one noncommercial citation for "injuring or tampering with vehicle." Id.

from December 2018 to June 2019 for a "failure to appear" violation.[8] Kings Perishables subjected Valdez to a road test.[9] Neither party has cited any evidence that Valdez was involved in any post-hiring accidents or driving violations before colliding with Plaintiffs' vehicle.

On March 30, 2020, Valdez was driving for Kings Perishables.[10] The parties agree that Valdez's and Plaintiffs' vehicles collided and that Valdez acted negligently.[11] Plaintiffs allege that Valdez "failed to make a proper lane change and struck Plaintiffs' motor vehicle from behind."[12] Valdez gave a statement describing the accident:

> It was raining hard and merging from the I-610 to the I-45. Needed to come to a quick stop as traffic on the I-45 was backed up and the trailer fishtailed when stopping. [Valdez] did not feel the impact and the [Plaintiffs] tracked him down about two exits from where that quick stop occurred . . . [Valdez] is assuming the impact occurred when the trailer portion fishtailed when [he] came to that quick stop . . .[13]

---

[8]Id.

[9]Driver Evaluation Road Test Form, Exhibit 5 to Defendants' Motion for Partial Summary Judgment, Docket Entry No. 36-5, p. 2.

[10]Defendants Benigno Valdez and Karina Gonzalez Individually and d/b/a Kings Perishables' First Amended Response to Plaintiffs' Supplemental Petition ("Amended Answer"), Docket Entry No. 20, p. 2 ¶ 8.

[11]Amended Complaint, Exhibit C to Notice of Removal, Docket Entry No. 1-4, p. 4 ¶ 8; Amended Answer, Docket Entry No. 20, pp. 2-3 ¶¶ 8-9.

[12]Amended Complaint, Exhibit C to Notice of Removal, Docket Entry No. 1-4, p. 4 ¶ 8.

[13]Benigno Valdez Statement, Exhibit 6 to Defendants' Motion for Partial Summary Judgment, Docket Entry No. 36-6, p. 2.

Plaintiffs filed this action on August 30, 2021, in the 269th Judicial District Court of Harris County, Texas.[14] Plaintiffs allege negligence, gross negligence, and negligence per se against Valdez and negligent hiring, negligent entrustment, failure to train, negligent supervision, and gross negligence against Kings Perishables.[15] Defendants removed the case to this court on November 5, 2021.[16]

Plaintiffs filed their Motion to Strike Mr. Yung on November 4, 2022, and Defendants responded.[17] Defendants filed their Motion to Strike Mr. Cunag on November 4, 2022, but Plaintiffs have not filed a response.[18] Defendants filed their Motion for Partial Summary Judgment on November 11, 2022, Plaintiffs responded, and Defendants replied.[19]

---

[14]Complaint, Exhibit B to Notice of Removal, Docket Entry No. 1-3, p. 2.

[15]Amended Complaint, Exhibit C to Notice of Removal, Docket Entry No. 1-4, p. 4 ¶ 9, p. 5 ¶ 14.

[16]Notice of Removal, Docket Entry No. 1.

[17]Plaintiffs' Motion to Strike Mr. Yung, Docket Entry No. 25; Defendants' Response to Plaintiffs' Motion to Strike and/or Exclude Defendants' Expert Witness Adelino Yung, P.E., Docket Entry No. 42.

[18]Defendants' Motion to Strike Mr. Cunag, Docket Entry No. 28.

[19]Defendants' Motion for Partial Summary Judgment, Docket Entry No. 36; Plaintiffs' Response to Defendants' Rule 56 Motion ("Plaintiffs' Summary Judgment Response"), Docket Entry No. 43; Defendants' Reply to Plaintiffs' Response to Defendants' Motion for Summary Judgment on Plaintiffs' Direct Negligence Claims Against Karina Gonzalez Individually and d/b/a Kings Perishables and Plaintiffs' Gross Negligence Claims As to All Defendants ("Defendants' Summary Judgment Reply"), Docket Entry No. 44.

## II. Plaintiffs' Motion to Strike Mr. Yung

Plaintiffs argue that Mr. Yung should be struck as an expert witness because he is unqualified, his methods are unreliable, he did not consider necessary information, and his opinion is not relevant and helpful to the jury.[20] The court's usual practice is to rule on substantive motions to exclude or to strike expert testimony during the course of trial. Experts frequently modify their opinions, and at trial counsel often establish more extensive predicates for experts' testimony. Moreover, the context in which the testimony is offered is necessary to effectively rule on such issues. Plaintiffs' Motion to Strike Mr. Yung will therefore be denied without prejudice.

## III. Defendants' Motion to Strike Mr. Cunag

Defendants argue that Mr. Cunag should be struck as an expert witness. They argue that Plaintiffs have not produced an expert report as required by Federal Rule of Civil Procedure 26(a)(2)(B).[21] Rule 26(a)(2)(A) states that a party "must disclose to the other parties the identity of any [expert] witness it may use at trial." "[T]his disclosure must be accompanied by a written report — prepared and signed by the witness." Rule 26(a)(2)(B).

---

[20]Plaintiffs' Motion to Strike Mr. Yung, Docket Entry No. 25, pp. 3-6.

[21]Defendants' Motion to Strike Mr. Cunag, Docket Entry No. 28, p. 1 ¶ 1.

Rule 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial." Plaintiffs have not responded to Defendants' Motion to Exclude Mr. Cunag. Because Plaintiffs have not produced Mr. Cunag's expert report, Defendants' Motion to Strike Mr. Cunag will be granted.

### IV. Defendants' Motion for Partial Summary Judgment

Defendants argue that the court should grant summary judgment against Plaintiffs' claims for negligent entrustment, negligent hiring and retention, negligent training, negligent supervision, and gross negligence.[22] Plaintiffs respond that they have been unable to depose Valdez due to Defendants' error.[23] Plaintiffs also argue that Defendants' Motion for Partial Summary Judgment is unsupported and therefore does not require them to offer evidence in opposition.[24]

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

---

[22] Defendants' Motion for Partial Summary Judgment, Docket Entry No. 36, pp. 1-2 ¶¶ 1-2.

[23] Plaintiffs' Summary Judgment Response, Docket Entry No. 43, p. 4 ¶¶ 9-11.

[24] Id. at 2 ¶ 5 ("Defendants have failed to meet their initial burden under Rule 56(c), and so Plaintiffs are not required to respond substantively with evidence.").

P. 56(a). "[T]he burden on the moving party may be discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2554 (1986). The moving party does not have to cite evidence "negating the opponent's claim." Id. at 2553. "[T]he plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2514 (1986). "Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." McFaul v. Valenzuela, 684 F.3d 564, 571 (5th Cir. 2012). "In reviewing summary judgment, [the] court construes 'all facts and inferences in the light most favorable to the nonmoving party.'" Id. (quoting Dillon v. Rogers, 596 F.3d 260, 266 (5th Cir. 2010)).

## A. Plaintiffs' Ability to Depose Valdez

Plaintiffs argue that summary judgment is improper because they were unable to depose Valdez.[25] Rule 56(d) states that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R.

---

[25] Id. at 4 ¶¶ 9-11.

Civ. P. 56(d). But a court has discretion to deny Rule 56(d) relief if the nonmovant had a reasonable opportunity to conduct the requested discovery and declined to do so. See Gordon v. CIGNA Corp., 890 F.3d 463, 478-79 (4th Cir. 2018). It is undisputed that Valdez did not appear for his deposition, and defense counsel was apparently unable to contact him for a time.[26] But contact with Valdez was reestablished, and Defendants offered to make him available for deposition.[27] Plaintiffs rejected that offer.[28] But they now ask the court to defer ruling "until such time as Defendant Valdez can be located and produced for deposition."[29] The court concludes that Plaintiffs had a reasonable opportunity to depose Valdez and declined to do so. The court therefore will not defer ruling on Defendants' Motion for Summary Judgment.

## B.  Negligent Entrustment

The elements of negligent entrustment are "(1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) that the owner knew or should have known to be unlicensed, [incompetent, or reckless], (4) that the driver was

---

[26]Certificate of Nonappearance in the Non-Stenographic Video of the Oral Deposition of Benigno Valdez, Exhibit A to Plaintiffs' Summary Judgment Response, Docket Entry No. 43-1, p. 1.

[27]Counsel Correspondence, Exhibit 1 to Defendants' Summary Judgment Reply, Docket Entry No. 44-1, p. 2.

[28]Id. at 1.

[29]Plaintiffs' Summary Judgment Response, Docket Entry No. 43, p. 2 ¶ 5.

negligent on the occasion in question and (5) that the driver's negligence proximately caused the accident." Schneider v. Esperanza Transmission Co., 744 S.W.2d 595, 596 (Tex. 1987) (emphasis added). It is undisputed that Valdez was licensed. Defendants argue that Valdez's accident and violation record is not sufficient as a matter of law to show that he was an incompetent or reckless driver. A driving record with a few citations or accidents does not by itself "raise a genuine issue of material fact as to [a driver's] incompeten[ce] or reckless[ness]." See Goodyear Tire and Rubber Co. v. Mayes, 236 S.W.3d 754, 758 (Tex. 2007). "[W]hen [Texas] courts do find that the evidence is sufficient to establish recklessness or incompetence, the record contains convictions and violations that are related to the accident, frequent, and recent." Phillips v. Super Services Holdings, LLC, 189 F. Supp. 3d 640, 653 (S.D. Tex. 2016). Defendants attach Valdez's driving record obtained at the time of his employment application. It appears to contain one commercial moving violation, one commercial vehicle accident, and a six-month period of license suspension based on a "failure to appear." There is no cited evidence that Valdez has been involved in any accidents or citations since being hired. Defendants have carried their burden of pointing to a lack of evidence that Valdez was an unlicensed, incompetent, or reckless driver. See Celotex, 106 S. Ct. at 2554. The burden shifts to Plaintiffs to cite specific evidence to the contrary. But Plaintiffs do not cite any evidence

in their response. Defendants' Motion for Partial Summary Judgment will therefore be granted as to negligent entrustment.

## C. Negligent Hiring and Retention

To establish liability for negligent hiring or retention a plaintiff must show that the defendant hired or retained "an incompetent employee who the [defendant] knew or, in the exercise of ordinary care, should have known was incompetent or unfit, and thereby creat[ed] an unreasonable risk of harm to others." Ogg v. Dillard's, Inc., 239 S.W.3d 409, 420 (Tex. App.—Dallas 2007). In the context of hiring drivers, courts have construed the "incompetence" standard to be the same or similar for negligent entrustment and negligent hiring. See, e.g., Farwah v. Prosperous Maritime Corp., 220 S.W.3d 585, 598 (Tex. App.—Beaumont 2007) (citing negligent entrustment elements). As explained above, Plaintiffs have failed to offer evidence that Valdez was an incompetent driver at the time of hiring or thereafter. Defendants' Motion for Partial Summary Judgment will therefore be granted as to negligent hiring and retention.

## D. Negligent Training

"To establish a claim for negligent training, a plaintiff must prove that a reasonably prudent employer would have provided training beyond that which was given and that failure to do so caused his injuries." Dangerfield v. Ormsby, 264 S.W.3d 904, 912 (Tex. App.—Fort Worth 2008). "[A]n employer's duty to [train]

-10-

applies to an inexperienced employee, but not to one who is experienced in the work he is assigned. Allen v. A & T Transportation Co., Inc., 79 S.W.3d 65, 70 (Tex. App.—Texarkana 2002). Plaintiffs have offered no evidence that Valdez was an inexperienced driver. Defendants' Motion for Partial Summary Judgment will therefore be granted as to negligent training.

### E. Negligent Supervision

"To establish a claim for negligent supervision, a plaintiff must show that an employer's [negligent] failure to supervise its employees caused his injuries." Dangerfield, 264 S.W.3d at 913. Plaintiffs offer no evidence to support their claim that Kings Perishables had a duty to supervise Valdez's driving. Defendants' Motion for Partial Summary Judgment will therefore be granted as to negligent supervision.

### F. Gross Negligence

Under Texas law, "'Gross Negligence' means an act or omission: (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others." Tex. Civ. Prac. & Rem. Code Ann. § 41.001(11). The cited materials contain no evidence that Valdez had actual, subjective awareness of

the risk involved and that he proceeded with conscious indifference.[30] Defendants' Motion for Partial Summary Judgment will therefore be granted as to gross negligence.

## V. Order

Plaintiffs' Motion to Strike and/or Exclude Defendants' Expert Witness Adelino Yung, P.E. (Docket Entry No. 25) is **DENIED without prejudice**. Defendants' Motion to Strike and/or Exclude Plaintiffs' Expert Witness John Cunag (Docket Entry No. 28) is **GRANTED**. It is **ORDERED** that John Cunag is **STRUCK** as a testifying expert witness in this case, and any opinions or conclusions of John Cunag are hereby **EXCLUDED**. Defendants' Motion for Summary Judgment on Plaintiffs' Direct Negligence Claims Against Karina Gonzalez Individually and d/b/a Kings Perishables and Plaintiffs' Gross Negligence Claims As to All Defendants (Docket Entry No. 36) is **GRANTED**, and Plaintiffs' claims for negligent entrustment, negligent hiring and retention, negligent training, negligent supervision, and gross negligence are **DISMISSED with prejudice**.

**SIGNED** at Houston, Texas, on this 10th day of February, 2023.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[30]The Amended Complaint does not explicitly allege gross negligence against Gonzalez/Kings Perishables, but it seeks exemplary damages from both defendants. To the extent Plaintiffs assert that theory, they have cited no evidence of either defendant's subjective awareness of risk or conscious indifference.